UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-09159-CAS(VBKx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | PICBENGRO, LLC V. PCCP LB STUDIO CITY LOS ANGELES, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Paul Hittelman | Joshua Wayser |
| | Matthew Close |
| | Katelyn Denby |

**Proceedings:** MOTION TO REMAND (Dkt. 22, filed May 19, 2014)

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Picbengro, LLC filed this action on April 14, 2014, against PCCP LB Studio City Los Angeles, LLC, Property Asset Management, Inc. ("PAMI"), CGKL I, LLC, CGKL Ventures, LLC, Pacific Coast Capital Partners, LLC, PCCP Studio City Los Angeles TCS Mezanine, LLC, PCCP Studio City Los Angeles, LLC, Lehman Commercial Paper, Inc. ("LCPI"), and Pacific Coast Capital Funding, LLC.  The operative first amended complaint ("FAC") asserts claims for breach of fiduciary duty, breach of contract, and breach of covenant of good faith and fair dealing.  FAC, dkt. 18.

Plaintiff initiated this case on October 18, 2013, in the Superior Court of California for the County of Los Angeles.  Compl.  Plaintiff's original complaint included claims against defendant Lehman Brothers Holdings, Inc. ("LBHI").  Id.  On December 12, 2013, defendants LBHI, LCPI, and PAMI filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1334, 1441, and 1452(a), asserting that bankruptcy jurisdiction existed due to connections between this action and bankruptcy proceedings involving LBHI in the United States Bankruptcy Court for the Southern District of New York (Case No. 08-13555).  Dkt. 1.

Plaintiff subsequently entered into a stipulation with LBHI, LCPI, and PAMI to dismiss with prejudice all claims against defendant LBHI and to amend the complaint against defendant LCPI to eliminate all claims arising from actions prior to filing of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-09159-CAS(VBKx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | PICBENGRO, LLC V. PCCP LB STUDIO CITY LOS ANGELES, LLC ET AL. | | |

bankruptcy. Dkt. 17. On April 3, 2014, the Court permitted plaintiff to amend the complaint to reflect the dismissal with prejudice of LBHI and the amendment of claims against LCPI. Id.

On May 19, 2014, plaintiff moved to remand the action to Los Angeles Superior Court. Dkt. 22.[1] Defendants LBHI, LCPI, and PAMI opposed the motion to remand on June 11, 2014, dkt. 39, and plaintiff replied on June 25, 2014, dkt. 44. On July 21, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Plaintiff seeks to remand this case to Los Angeles County Superior Court, contending that the Court lacks subject matter jurisdiction over the action because "all allegations or claims that led defendants Lehman Bros. Holdings, Inc. and Lehman Commercial Paper, Inc. to remove the matter pursuant to 28 U.S.C. §§ 1334, 1441, and 1452(a) on the asserted basis that claims alleged in the Complaint . . . related to the Bankruptcy Case . . . have been withdrawn from this case by dismissal of [LBHI] and by amendment of the Complaint." Mot. to Remand 2, dkt. 22. Defendants oppose remand, arguing that the Court had subject matter jurisdiction over the action at the time of removal based on the bankruptcy proceedings. Opp'n 3-4, dkt. 39. Defendants further

---

[1] Additionally, on May 19, 2014, defendants LBHI, LCPI, and PAMI moved to dismiss the FAC, dkt. 24, and the remaining defendants moved to strike the demand for a jury and for punitive damages, dkt. 23, and to dismiss the case, dkt. 26. In light of the conclusions reached herein, the Court does not address the merits of these motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-09159-CAS(VBKx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | PICBENGRO, LLC V. PCCP LB STUDIO CITY LOS ANGELES, LLC ET AL. | | |

argue that because subject matter jurisdiction is determined at the time of removal, and is not affected by post-removal amendments, the Court continues to have jurisdiction over the action. Id.

The Court agrees that post-removal events do not strip the Court of jurisdiction over this action. "[T]he Ninth Circuit has consistently held that post-removal amendments to a complaint cannot divest a court of federal jurisdiction." Gillette v. Peerless Ins. Co., 2013 WL 3983872, at *2 (C.D. Cal. July 31, 2013) (citing Hamdy v. Guardsmark, LLC, 2009 WL 961375, at *2 (C.D. Cal. Apr. 8, 2009)). See also Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (holding that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court").

This general rule also applies to actions removed on the basis of bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452. Hendricks v. Detroit Diesel Corp., 2009 WL 4282812, at *2 (N.D. Cal. Nov. 25, 2009); Fried v. Lehman Bros. Real Estate Assocs. III, L.P., 496 B.R. 706, 710 (S.D.N.Y. 2013) (finding that "federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts at the time of removal.") (citations omitted)). As a result, the Court finds that the post-removal events do not strip the Court of jurisdiction over this action.

However, the Court nonetheless finds remand to be appropriate on equitable grounds. Section 1452 of Title 28 "governs removal of claims related to bankruptcy cases." Hendricks, 2009 WL 4282812, at *2. It provides, in relevant part, that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The "any equitable ground" standard gives the court "an unusually broad grant of authority" in determining whether to remand a case. In re Roman Catholic Bishop, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007); see also Charles Schwab Corp. v. Banc of Am. Sec. LLC, 2011 WL 864978, at *7 (N.D. Cal. Mar. 11, 2011).

"Courts have typically identified seven factors governing the decision to remand: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-09159-CAS(VBKx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | PICBENGRO, LLC V. PCCP LB STUDIO CITY LOS ANGELES, LLC ET AL. | | |

comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal." Hendricks, 2009 WL 4282812, at *8 (quoting Hopkins v. Plant Insulation Co., 349 B.R. 805, 813 (N.D. Cal. 2006)).

The Court finds that these factors, when applied to the present case, weigh in favor of an equitable remand. Most importantly, the action no longer involves the debtor LBHI, as LBHI has been dismissed from the action by the FAC. See FAC, dkt. 18. Furthermore, because the FAC dismissed LBHI and amended all claims against LCPI to exclude all pre-petition events, the action will have a negligible effect on the administration of the bankruptcy estate. See id. Defendants argue that the action is still sufficiently "related to" the bankruptcy because "claims remain pending against debtor LCPI (based on supposedly post-petition conduct), and the amended complaint creates possible indemnification or contribution issues involving debtor LCPI and other named defendants." Opp'n 3, dkt. 39. The Court finds this argument unpersuasive. Because all claims against LBHI have been dismissed and all claims against LCPI have been amended to exclude pre-petition claims, any remaining connections between the present case and the bankruptcy proceedings are tenuous at best. Finally, by amending the original complaint to dismiss LBHI and eliminate all pre-petition claims against LCPI, plaintiff has taken affirmative steps to disavow any relationship between this action and the bankruptcy proceedings. The Court finds that ignoring these steps would unduly prejudice plaintiff. As a result, the Court finds that equitable considerations weigh in favor of remanding this case back to state court.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby REMANDS this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |